IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KIMBERLY "KIM" COZZENS, LUCY PINDER, MASHA "MALU" LUND, and JOANNA KRUPA,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL KDC, INC d/b/a THE TROPHY CLUB FLORENCE; and HIGH FIVE MANAGEMENT GROUP, INC d/b/a THE TROPHY CLUB GREENVILLE<br><br>Defendants. | Case No.: 4:22-cv-02534-RBH |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs Kimberly "Kim" Cozzens, Lucy Pinder, Masha "Malu" Lund, and Joanna Krupa (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully move this Court for a default judgment in favor of Plaintiffs and against Defendants International KDC, Inc. d/b/a The Trophy Club Florence ("International KDC"); and High Five Management Group, Inc d/b/a The Trophy Club Greenville ("High Five") (collectively "Defendants," "Trophy," or "the Clubs") and in support of said motion, state as follows:

**STATEMENT OF UNDISPUTED FACTS**

*Substantive Allegations*

As set forth in Plaintiffs' Complaint ("Compl.;" Dkt. 1), Plaintiffs are well-known professional models who earn their livelihood licensing their identity, image, and likeness (collectively "Images") to select clients, commercial brands, and media and entertainment outlets. Compl., ¶ 19. Each Plaintiff relies on her professional reputation for modeling, acting,

- 1 -

hosting and other professional opportunities, has worked to establish herself as reliable, reputable and professional, and it is each Plaintiff's reputation and status in the modeling industry, and the attendant notoriety each has achieved, that allows and ensures that each Plaintiff will continue to book jobs. *Id.* at ¶ 20. Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical in order to maximize their earning potential, book modeling contracts, and establish each of their individual brands. In furtherance of establishing, and maintaining, their brands, Plaintiffs are necessarily selective concerning the companies, and brands, for which they model. *Id.*, ¶ 20.

During the relevant time period High Five Management Group, Inc owned Trophy Club Greenville, a strip club in Greenville, South Carolina and International KDC, Inc owned Trophy Club Florence, a strip club in Florence, South Carolina, where they engaged in the business of selling alcohol and food in an atmosphere where nude or semi-nude women entertain the business' clientele. *Id.* at ¶ 15, 17, 38. In furtherance of their promotion of Trophy, Defendants owned, operated and controlled Trophy's social media accounts, including Trophy's Facebook, and Instagram accounts, and used such social media to post advertisements for Trophy. *Id.* at ¶ 39. Many of these advertisements contained Images of Plaintiffs, which had been misappropriated, and intentionally altered, by the Defendants to make it appear that Plaintiffs worked at or endorsed Trophy. *Id.* at ¶¶ 21, 28, 31, 34, 37. In the case of each Plaintiff, such appearance was false, and occurred without any Plaintiff's knowledge, consent, or authorization, and without remuneration to any Plaintiff. *Id.* at ¶¶ 22, 23, 42, 43, 45.

*Procedural History*

Plaintiffs filed this action on August 2, 2022, Dkt. 1, and on August 5, 2022, both Defendants were served with the Summons and Complaint. Dkt. 7-1. Having been served on

August 5, 2022, the Defendants' deadline to answer, respond, or otherwise move against the complaint was August 26, 2022.  Defendants having not answered or moved against the Complaint, on January 31, 2024, Plaintiffs filed their Request for Entry of Default as to both Defendants, Dkt. 10, and on that same date, the Clerk of the Court entered default as to each Defendant, Dkt. 11.

## ARGUMENT

**I.     DEFENDANTS' WILLFUL NON-APPEARANCE SUPPORTS A FINDING OF LIABLITY ON EACH CAUSE OF ACTION.**

"After default has been entered against a party, a plaintiff may move for default judgment." *Wilcox v. Transmodal Solutions, LLC*, 473 F.Supp.3d 574,  581 (E.D. Va. 2020)(citing Fed.R.Civ.P. 55(b). "In considering whether the enter default judgment, a court recognizes that, by its default, a defendant has conceded the factual allegations in the complaint." *Id.* (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)

A court must consider the following factors when determining whether entry of a default judgment is appropriate:  "(1) the amount of money potentially involved; (2) whether material issues of fact or issues of substantial public importance are at issue; (3) whether the default is largely technical; (4) whether plaintiff has been substantially prejudiced by the delay involved; ... (5) whether the grounds for default are clearly established or are in doubt ... [;] (6) how harsh an effect a default judgment might have; or (7) whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on part of the defendant."  *EMI April Music, Inc. v. White*, 618 F.Supp.2d 497, 506 (E.D. Va. 2009) (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, *et al.,* FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2685 (3d ed.)).

Here, each factor strongly favors Plaintiffs' request for entry of a default judgment.

*First*, as set forth below, the fair market valuation of Defendants' use of Plaintiffs' images in advertising is $780,000. These are monies owed to Plaintiffs for the professional services they provided to Defendants. That they provided these services without their knowledge is ultimately irrelevant considering that the "standard for measuring lost profits in a right of publicity case is the fair market value of the right to use plaintiff's name or likeness in the manner in which it was used by defendant." *Clark v. America Online, Inc.*, No. 98-cv-5650 (CAS)(CWX), 2000 WL 33535712, at *8 (C.D. Cal. Nov. 30, 2000) (citing cases). This position has been repeatedly endorsed by federal courts around the country. *See, e.g., Electra v. 59 Murray Enterprises, Inc.*, 987 F.3d 233, 256 (2d Cir. 2021) ("But it is conceded that Appellees did not secure legal rights to the images, and so damages would not constitute a windfall: Appellants have not yet been compensated for the *Clubs'* use of their images. We thus conclude that recovery of the fair market value of the images is a viable damages theory in this case.") (emphasis in original); *Grant v. Esquire, Inc.*, 367 F.Supp. 876, 881 (S.D.N.Y. 1973) (noting that in a right of publicity case, in the event the jury finds in plaintiff's favor, "he will be able to recover the fair market value of the use for the purposes of trade of his face, name and reputation.").[1] A calculation of damages based on the fair market value of each Plaintiff's image recognizes that each Plaintiff's right of publicity grants her "the exclusive right to control the commercial value of their names and to prevent others from exploiting them without permission." *Rogers v. Grimaldi*, 75 F.2d 994, 1003-04 (2d Cir. 1989) (citing *Bi-Rite Enterprises v. Button Master*, 555 F.Supp. 1188, 1198-99 (S.D.N.Y. 1983)).

---

[1] *See also,* Restatement (Third) of Unfair Competition ("Restatement") § 49 (1) (1995) (measurement of damages for right of publicity misappropriation is "the pecuniary loss to the other caused by the appropriation or for the actor's own pecuniary gain resulting from the appropriation, whichever is greater."); 2 J. Thomas McCarthy, *The Rights of Publicity and Privacy* § 11:32 (2d ed. 2008) ("plaintiff is entitled to the market value of the use of plaintiff's identity or persona in the commercial setting in which defendant had used it.").

*Second*, there are no material issues of fact concerning the issue on which this case turns: did Defendants obtain consent before using Plaintiffs' images for commercial purposes? There is no question Defendants did not obtain consent. There are also no issues of substantial public importance at issue in this lawsuit; rather, it is a straightforward case of Defendants' misappropriation and misuse of each Plaintiff's intellectual property.

*Third*, the default here is not technical; Defendants were served with the complaint and declined to answer or otherwise respond.

*Fourth*, Plaintiffs have been significantly prejudiced by Defendants' failure to appear because Defendants have thus avoided answering for its many misappropriations. Should judgment not be entered in Plaintiffs' favor they will be extraordinarily prejudiced as Defendants will have effectively successfully defended themselves against Plaintiffs' allegations without providing any justification for their use if Plaintiffs' images for commercial purposes.

*Fifth*, Plaintiffs have clearly established the grounds for default: namely, Defendants' failure to appear and answer the Complaint.

*Sixth*, the effect of a default judgment on Defendants will not be any more harsh than judgment in Plaintiffs' favor at summary judgment or after trial. Again: there is no dispute Plaintiffs' images were used commercially by Defendants and there is no question Defendants did not obtain consent or pay Plaintiffs for those usages.

*Seventh*, Defendants' default was caused by Defendants' inexcusable neglect and the default is no individual or entity's fault other than Defendants.

For these reasons, this Court should enter default judgment in Plaintiffs' favor.

## II. PLAINTIFFS ARE ENTITLED TO DAMAGES, COSTS, FEES AND INJUNCTIVE RELIEF RELATING TO DEFENDANTS' MISAPPROPRIATIONS.

Submitted as **Exhibit A** is the Declaration of Plaintiffs' valuation expert, Stephen Chamberlin, who was engaged to evaluate and value retroactively the compensation each Plaintiff should have received for the use of her images by the Defendants. Mr. Chamberlin provides in his Declaration the basis of his valuation opinion as to each Plaintiff and he has opined that Plaintiffs' damages based upon a fair market value analysis (and exclusive of disgorgement of profits and/or special, consequential, exemplary or punitive damages) is a total $780,000.

In addition, Plaintiffs are entitled to an order permanently enjoining the Defendants from using their images in commercial advertising, as well as all costs and attorneys' fees incurred prosecuting this action.

To the extent the Court does not conclude that Mr. Chamberlin's declaration sufficiently establishes the fair market value of the Defendants' use of Plaintiffs' images for commercial purposes, Plaintiffs respectfully request the Court conduct an inquest pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure such that Plaintiffs may be afforded the opportunity to put before the Court evidence of their damages.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant their motion for default judgment on each count of the Complaint; award Plaintiffs damages in the amount of $780,000, or schedule an inquest on the issue of Plaintiffs' damages; issue an order permanently enjoining the Defendants from using Plaintiffs' images and likeness in commercial advertising; and issue an order awarding Plaintiffs all costs and attorneys' fees incurred prosecuting this

action, and affording Plaintiffs a reasonable time following entry of the Court's judgment to apprise the Court of those costs and fees.

Dated: Mount Pleasant, South Carolina
       May 3, 2024

                                        THE LAW OFFICES OF JOSHUA E SLAVIN

                                        By: */s/ Joshua E. Slavin*
                                        Joshua E. Slavin, Esq.
                                        The Law Offices of Joshua E Slavin
                                        PO Box 762, Mount Pleasant, SC 29465
                                        P: 843-619-7338 F: 888-246-8914
                                        Email: josh@attorneycarolina.com

                                        and

                                        */s/John V. Golaszewski*
                                        John V. Golaszewski, Esq. *
                                        The Casas Law Firm, PC
                                        1740 Broadway, 15th Floor
                                        New York, New York
                                        T: 646-872-3178
                                        F: 855.220.9626
                                        john@talentrights.law
                                        *\* Admitted Pro Hac Vice*

                                        *Attorneys for Plaintiffs*

- 8 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of May 2024, a true copy of the foregoing was electronically filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed via USPS to Defendants and their Registered Agent, as more fully reflected as follows:

International KDC, Inc
1617 W. Lucas Street
Florence, SC 29501

Via Registered Agent for International KDC, Inc.:
Registered Agents, Inc.
6650 Rivers Ave, Suite 100
North Charleston, SC 29405

High Five Management Gorup, Inc.
450 Airport Road,
Greenville, SC 29607
Via Registered Agent for High Five Management Group, Inc.

Registered Agents, Inc.
6650 Rivers Ave, Suite 100
North Charleston, SC 29405

                                                */s/Joshua Slavin*
                                                Joshua Slavin